# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

VINCENT JOHNSON                                                             PLAINTIFF

V.                      NO. 3:17-cv-00266- JTR

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration                           DEFENDANT

## ORDER

Pending before the Court is a Motion to Dismiss filed by Defendant Social Security Commissioner ("Commissioner"), *Doc. 7*, who contends that Plaintiff Vincent Johnson ("Johnson") waited too long to file his Complaint. Johnson has filed a Response opposing the Commissioner's Motion, *Doc. 8*.

For the reasons stated below, the Court concludes that good cause exists to equitably toll the filing deadline and to permit judicial review on the merits of the Commissioner's decision denying benefits to Johnson. Thus, the Commissioner's Motion is denied.

## I.    BACKGROUND

On October 3, 2017, Johnson initiated this action by filing a Complaint seeking review of the Commissioner's decision denying benefits. As detailed in Johnson's Complaint, his current appeal dates back to concurrent claims for social

1

security disability and social security income benefits originally filed on August 26, 2009:

> The claims were denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ) which was held on April 5, 2011. On May 5, 2011, the ALJ issued an unfavorable decision denying plaintiff's claim for benefits. The plaintiff timely requested Appeals Council review of the ALJ's decision which was remanded on October 20, 2011. Plaintiff attended a supplemental hearing before an ALJ on January 31, 2012. On June 26, 2012, the ALJ issued a denial. Plaintiff timely requested Appeals Council review and on March 11, 2013, the claim was remanded. A third hearing was held before an ALJ on July 8, 2013 in which the ALJ issued a denial on July 22, 2013. A timely appeal was filed with the Appeals Council and was denied on February 6, 2014. Plaintiff sought judicial review and by Order dated May 13, 2015, the claim was remanded for further consideration. A fourth hearing was held before an ALJ on December 3, 2015 and was denied on December 24, 2015. Plaintiff timely requested Appeals Council Review which was denied on February 6, 2017.

(Complaint, *Doc. 2*, at ¶ 6).

Johnson further alleges in his Complaint that neither he nor his attorney were aware of the Appeals Council's final decision, dated February 6, 2017, until his attorney contacted the Social Security Office, on July 31, 2017, to check on the status of Johnson's claim. (*Doc. 2 at pp. 2-3*).

The parties dispute whether these facts justify equitable tolling of the limitations period for seeking judicial review of the Commissioner's final decision denying benefits.

## II. DISCUSSION

By statute, a claimant seeking judicial review of the Social Security Administration's ("SSA's") final denial of benefits must commence a civil action "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g). The term "mailing" has been interpreted to be the date of *receipt* by the claimant of the Commissioner's final decision. 20 C.F.R. §§ 404.981, 416,1481; *see also* 20 C.F.R. §§ 404.1715(b), 416.1515(b) (a notice sent to the claimant's representative has the same force and effect as a notice sent to the claimant). The "date of receipt" is presumed to be five days after the date on the notice, absent a reasonable showing to the contrary. 20 C.F.R. §§ 404.901 and 416.1401. Thus, generally a claimant must initiate judicial review within 65 days of the Commissioner's final decision.

The time to initiate judicial review is subject to equitable tolling "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment are inappropriate." *Bowen v. City of New York*, 476 U.S. 467, 480 (1986). Thus, § 405(g)'s filing deadline is subject to "traditional equitable tolling" principles. *Id.* (omitting internal quotations and citation).

Johnson contends that neither he nor his attorney[1] learned of the Appeal Council's February 6, 2017 denial until *after* the 60-day period to file a civil action appealing the decision had expired. On July 31, 2017, Johnson's attorney contacted the Appeals Council by phone to check on the status of the claim and learned, for the first time, of the February 6th denial. (Affidavits, *Doc. 2* at pp. 3-4). That same day, Johnson's attorney faxed a letter to the Appeals Council confirming the telephone conversation and requesting a copy of the written decision. She also requested that the letter be considered "a formal request for extension of time to commence a civil action on Mr. Johnson's behalf." (*Doc. 8-1*). The Appeals Council never responded to Johnson's request for an extension of time and a copy of the decision. On August 4, 2017, Johnson's attorney contacted the local SSA office in Blytheville and obtained a copy of the Appeals Council's written denial of benefits.

It is undisputed that Johnson initiated this action within sixty days of being provided with a copy of the Appeals Council's decision, and sixty-five days of being advised the opinion existed. *See*, *e.g.*, *Jenkins v. Astrue*, 142 Soc. Sec. Rep. Serv. 237, 2009 WL 1364349 (D. Del. 2009) (claimant was required to submit his civil action within 65 days after notice of the Appeals Council denial of his claim).

---

[1] Stephanie Bartels Wallace is Johnson's current counsel of record. Other papers in the file indicate that Johnson was previously represented by Anthony Bartels. Mr. Bartels passed away on June 7, 2016.

4

The Commissioner offers a declaration from Cristina Prelle stating that a review of Johnson's file shows that on February 6, 2017, the Appeals Council sent notice of the final decision to Johnson and his representative, at their last known addresses.[2] A presumption of regularity applies to official acts of government agencies, including the mailing of official documents. *Wilburn v. Astrue*, 626 F.3d 999, 1003-04 (8th Cir. 2010). However, assuming the SSA mailed the notices, that does mean they were received.

Here, *both* Johnson and his attorney, a respected officer of the Court, state that neither of them received the document allegedly mailed by the SSA on February 6, 2017. On this record, the evidence preponderates that Johnson and his attorney did *not* receive a copy of the February 6, 2017 decision until August 4, 2017. *See American Boat Co. v. Unknown Sunken Barge*, 418 F.3d 910, 914 (8th Cir. 2005) ("In cases involving lack of notice, there is often little a party can do except swear he or she did not receive the communication." ).

Additionally, it is undisputed that Johnson discovered the existence of the final decision through the actions of his attorney, who contacted the SSA on July 31, 2017, to check on the status of the claim. *Foutty v. Commissioner of Soc. Sec.*, No.

---

[2] The addresses appear to be correct. There is no evidence before the Court that Johnson or his attorney caused or contributed to the lack of receipt of the Appeals Council's decision. *Compare Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003) (refusing to apply equitable tolling where the claimant's failure to receive notice of the SSA's decision was caused by his failure to update his mailing address).

5:10-cv-551, at *3 (N.D. Ohio July 12, 2010) (holding that evidence that claimant's attorney contacted agency to determine status of Appeals Council's decision rebutted the presumption of receipt and supported equitable tolling). Upon being advised, by phone, that a final decision had been issued months earlier, Johnson's attorney took prompt action.

That very same day, Johnson's attorney wrote to the Appeals Council. Johnson submitted a copy of the July 31, 2017 letter, which states:

> This will confirm your phone call to my office today, in response to our recent inquiry about the status of Vincent Johnson's claim. We had submitted written exceptions to the Appeals Council in January, 2016.
>
> Today, you advised that the Appeals Council issued a denial of benefits on Mr. Johnson's claim on February 6, 2017. <u>Please be advised that we never received that decision</u>.
>
> Please forward a copy of the Appeals Council's decision . . .
>
> Also, please consider this letter as a formal request for extension of time to commence a civil action on Mr. Johnson's behalf, since we never received the denial and were unaware that the Council had issued a decision until you advised us of that just today.

(*Doc. 8-1*) (emphasis in original).

The Appeals Council apparently never acted upon Johnson's request for an extension of time. In fact, it appears this letter never found its way into Johnson's file since Ms. Prelle affirmatively states that Johnson failed to request an extension of time to file his civil action. (*Doc. 7-1 at p. 3*). This is clearly not the case.

6

Congress specifically authorized the SSA to toll the 60-day limit for a claimant to seek judicial review. The regulations state that upon a showing of "good cause for missing the deadline, the time period will be extended." 20 C.F.R. § 404.982. The good cause standard specifically includes as one of its listed examples "where good cause may exist" the fact that a claimant "did not receive notice of the determination or decision." 20 C.F.R. § 404.911. The tolling regulations are "based on considerations of fairness to claimants." *Bowen v. City of New York*, 476 U.S. at 480, n. 12.

Since the Appeals Council failed to act on Johnson's request for an extension, the Court has no way of knowing whether it would have granted the request had it been aware of it. However, the circumstances here fall squarely within the "good cause" contemplated by the regulations and would have justified a "good cause" extension. This further weighs in favor of a finding of equitable tolling.

Finally, the Court is mindful of the diligence with which Johnson, through counsel, has pursued his claims since they were originally filed in August of 2009. Since that time, Johnson has timely and consistently pursued his claims through various levels of the SSA's claims and appeals process, including one earlier request for judicial review that resulted in a remand of the Commissioner's denial and which Johnson continues to challenge.

### III. CONCLUSION

Based on the totality of the circumstances, the Court concludes that Johnson has satisfied his burden to show that he is entitled to equitable tolling of the 60-day limitations period. Because he filed this action within 60-days of receipt of a copy of the February 6, 2017 final decision, his Complaint will be considered timely filed.

IT IS THEREFORE ORDERED THAT the Defendant Commissioner's Motion to Dismiss, *Doc. # 7*, be, and it is hereby, DENIED.

IT IS SO ORDERED this 2nd day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE